**In re: In the Matter of LITIGATION RELATING TO CONDITIONS OF CONFINEMENT AT MONTANA STATE PRISON,**

**Montana State Prison Inmates, Plaintiff—Appellee,**

**v.**

**State of Montana, Department of Corrections Personnel, Defendant—Appellant.**

**No. 06–35182.**

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2007 *.

Filed April 17, 2007.

Eric G. Balaban, ACLU–American Civil Liberties Union, Washington, DC, Edmund F. Sheehy, Jr., Esq., Office of the State Public Defender, Missoula, MT, Andrew I. Huff, ACLU of Montana Helena, MT, for Plaintiff–Appellee.

---

ed by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth S. Baker, Esq., Hughes, Kellner, Sullivan & Alke, Helena, MT, Michael R. King, Esq., Special Asst. Atty. General Risk Mgt. & Tort Defense Division, Helena, MT, for Defendant–Appellant.

Before: KOZINSKI, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM **

1. Because the district court did not enter a final order "refusing to dissolve or modify [the] injunction[ ]" based on the Prison Litigation Reform Act ("PLRA"), we lack jurisdiction under 28 U.S.C. § 1292(a)(1) to review appellants' claim on that basis. To the extent we have pendent appellate jurisdiction to review that claim, *see Smith v. Arthur Andersen LLP,* 421 F.3d 989, 997–98 (9th Cir.2005), the district court properly did not decide appellants' PLRA claim and instead deferred resolution of that issue until after it could "take evidence on the current circumstances at the prison." *Gilmore v. California,* 220 F.3d 987, 1010 (9th Cir.2000). The district court was obliged to do so before making a final determination on the PLRA claim, *see id.,* and thus the prison officials' appeal on that basis is premature.

2. The district court's jurisdiction did not terminate pursuant to the agreement's termination provisions. It clearly found in its order that the only remaining claim was the question of compliance with the ADA. Even assuming the experts' January 24, 1996, report contained a finding of substantial compliance with the agreement's ADA provisions, termination did not occur

** This disposition is not appropriate for publication and is not precedent except as provid-

pursuant to § II.5 because the experts made no subsequent finding of substantial compliance after a second on-site visit. Nor did the experts report that appellants "have not achieved substantial compliance," *see* Agreement § II.5, which would have triggered the agreement's continuing jurisdiction provisions.

3. The district court did not abuse its discretion in declining to apply the doctrine of judicial estoppel. None of the criteria favoring application of that doctrine are present. *See New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

**DISMISSED IN PART, AFFIRMED IN PART, REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.